The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. We will hear argument in number 181036, Sabela against Princeton Pharmaceuticals and Mr. Fleming. Good morning and may it please the court, Mark Fleming on behalf of Sabela. This appeal is unusual. In a case coming from a circuit that followed the second restatement of judgments, it wouldn't have been needed at all. But the Third Circuit, where this case originates, follows the first restatement of judgments from 1942 and that rule, as the Fifth Circuit explained in the Hicks case, forces a losing litigant to take an appeal it knows it will lose on the basis of one alternative ground. Now the inefficiency of requiring an appeal like this one was one of the reasons that the American Law Institute did away with that rule in the second restatement, but the Third Circuit has stuck with it. That means that the district court's findings of lack of utility and written description, which we believe are legally erroneous, are in the Third Circuit potentially considered material to the judgment, even though the judgment is supported by the independent obviousness finding. While we are content to let the obviousness finding stand, we are not as to the other grounds. And that's because the 237 patent, which is an issue in the follow-on litigation, is not obvious, but it does share a common specification. Mr. Fleming, this is Judge Toronto, can I just ask this, is it right that the only asserted concrete potential harm from the district court decision, now that you are conceding 103 in validity, is that Princeton might assert issue preclusion from the 101 and 112 rulings? I don't remember whether you made an argument that some third party might invoke issue preclusion. We have no reason, we don't know of any third party other than the ones in this case, Your Honor. I suppose that is theoretically possible if another generic wanted to launch a generic version of Brisdell, that we would be in that situation. As I stand here today, I don't know of such a situation. But we certainly think that Princeton's stated claim, which is made clear to the district court, that it will move for judgment on the pleadings in the case involving the 237 patent on the basis of issue preclusion is ample for this purpose and made it necessary, in fact, for us to file this appeal in order to preserve our right to challenge the utility and written description holding. I'm not quite sure whether Princeton says this, but if it were considered that the district court's pronouncements about 101 and 112 here are moot in light of your acceptance of the 103 in validity, wouldn't the following statement from the Third Circuit's decision in recombustion engineering eliminate the collateral estoppel effect? It said there, a ruling or finding on a moot issue can have no precedential or collateral estoppel effect. I must confess, Your Honor, I haven't read that decision. I don't think any of the parties have cited it. But if that is, in fact, the position of the Third Circuit, I think, and I think it's the position of this court and the Supreme Court as well, that if this court says that the utility and written description points are not being reached for one reason or another, then they do not have collateral estoppel effect. I think that's correct. And so if this court were to issue a short per curiam opinion that says we affirm on the uncontested ground of obviousness that makes utility and written description moot, we think it is correct that those two grounds would not have collateral estoppel effect. I can read the decision Your Honor just cited and follow up with a letter. But I believe that statement is consistent with what the Supreme Court said in Jennings v. Stevens, what this court said in Masco and other decisions. And one final question for me. The language that the district court here used with respect to 101 and 112 is perhaps unusual. And I guess that's going to be my question, just how unusual it is. That is, most, at least, alternative holding decisions say I rule on ground X, I also rule on ground Y. Are you aware of cases in which a court has treated an alternative holding when phrased in the form of if I didn't decide X, I would decide Y, which I think is the form of the language at issue here. You're absolutely right, Judge Strada. That is the form that was used. We haven't encountered another case like this. I don't think either party has, at least Princeton hasn't cited one that I know of. There is the oddity of footnote 32 on page 60 of the appendix where the district court seems to disclaim some kind of, if not one, then the other approach. I would say, I guess, if this court were to read the opinion to say that if obviousness is affirmed, then there is no judgment or no decision of utility or lack of written description, then maybe that would mean, maybe that would solve the problem as well because then there would be nothing to be, no decision to be preclusive. But in that case, we think this court should say that it reads the opinion that way in order to give the district court and the parties guidance in the subsequent case because obviously Princeton does not read the opinion that way. I think Princeton reads the opinion as having three alternative grounds, all of which are preclusive and that's going to be a strategy in the next case, failing some guidance from this court. Well, Princeton's brief did describe both rulings in its headings as holdings. Yes. And that's why we're here, Your Honor, because we didn't want to get to a situation where if we didn't appeal in this case and then went through the second case and were found to have been precluded that this court might have said, well, you should have appealed the first time when you had the chance. We recognize the oddity of the posture and the inefficiency of it. It seems to be simply how the first restatement envisions parties dealing with the problem of issue preclusion with alternative basis for judgment. This court may not find the first restatement particularly compelling on that point. We certainly don't. But it's a situation where we think we're stuck with the implications of the regional circuits law here. I would like to just address Princeton's suggestion, which they make repeatedly. Mr. Fleming, this is Judge Stoll. Good morning. Could I ask you two quick questions? Good morning. My quick questions are first, do you have any cases that support the idea that potential preclusion in a subsequent decision can be sufficient to create a case or controversy? I mean, I don't think we need to advocate for that broad a proposition. I mean, we clearly have standing to appeal the judgment. Two of our patents have been invalidated. So there is no question that we have standing to invoke this court's jurisdiction. How the briefing then plays out, what issues we believe need to be raised and should be raised, I don't think affects jurisdiction. It affects how this court will ultimately resolve the case. And that's what the Eleventh Circuit did in the Kahn case, where similarly to here, the appellant challenged one of the bases of decision supporting the judgment, but not the other. The same thing has happened... The difference in Kahn, though, right? Isn't that Kahn was challenging a decision that was lost. Here you've lost, but you're seeking summary affirmance of a ground on which you lost. So it's a little bit different. And so... Well, let me ask you this. Do you have cases to support the idea that a party that lost can seek summary affirmance on a ground on which it lost, when both parties, there's no dispute with viewing the parties as to that ground? Is there a case or controversy in that circumstance? I think there is for the same reasons as in Kahn and San Francisco Patrol. I mean, we are trying to be candid with the court as to what we think the right answer is. I mean, we could just as easily have written a brief that remained silent and said, please reverse on obviousness, and said, please reverse on utility and written description, and it would have been exactly the same posture as Kahn and San Francisco Patrol. We thought that might not have been useful to the court, so we went the further step and said, because we're doing this, here's what we think the right answer is, which is the same answer as in Kahn and San Francisco Patrol, which is to affirm on the uncontested ground, leave the other two unaddressed, and make clear that issue preclusion doesn't apply to those other two. But I think the fact that we have done our best to make this as easy as possible for the court doesn't change the standing. We still have, we are aggrieved by the judgment. We have a timely notice and appeal of the judgment. It's simply that in briefing the bases, it makes clear that the correct outcome here is an affirmance on the uncontested ground. But I don't think that changes the standing, because there is a case or controversy among the parties as to the validity of the judgment and the effect of the judgment. Mr. Fleming, this is Judge Chen. Just so I understand, what if the district court opinion had stopped at page 59, and so the opinion had only spoken and commented about Section 103 and invalidated the patent on that ground? And then you appealed that and asked for a summary affirmance of the invalidity of your patents based on Section 103. Would you agree that we shouldn't do a summary affirmance there? I'm not sure. I haven't encountered a case like that. Obviously, we wouldn't have appealed in that circumstance. And that is exactly what would have happened had this case come out of the Fourth Circuit or the Fifth or any other one. I think you understand my hypothetical, though. And that's all it is. Who knows, for whatever reason, someone wouldn't want to do this? The question is, what if the opinion had stopped at page 59, and it only commented about 103, and therefore it only could have invalidated the patents under 103, and then you filed an appeal saying, please summarily affirm the district court's decision on 103? I think in that... Would there be... Is that appealable? Would that be something you would have standing to do? I mean, I take it as a hypothetical. It's a strange situation. And I think doctrinally, the correct thing to do would be to say, appellant has properly noticed an appeal from the judgment but has developed no argument for its reversal, therefore we affirm it. I think that would be the right thing to do under all of the cases we've been talking about. I don't think there'd be a jurisdictional problem with doing that. But where, according... Why wouldn't the right thing to be done in that situation be to say, the appellant has conceded acceptance of the judgment and is therefore not injured by that because it's not claiming an injury from that, and there is nothing else that the appellant points to as injury, and therefore no Article III case or controversy on appeal? That might well be all right as well, Judge Duranto. I certainly don't mean to die on this hill. It's not something that I've fully considered. Obviously, here we are asserting a further consequence, and it is the further consequence that the first and the second restatement have contemplated in this situation. And the fact that we need to do this, the second restatement stated as a reason for doing away with the first restatement rule. I'm sorry in many ways that we had to burden the court with this appeal. It would have been much easier had the district court clarified that the first ruling did end at page 59, and then we wouldn't have needed this appeal at all. But this is where we stand. If I could just follow up. If the import of what I thought might have been Judge Duranto's point in his question is correct, that there would be no case or controversy under my hypothetical, then what if I extended out the hypothetical to be, again, what if the district court opinion stopped at page 59, spoke only about 103, but the appellant, you, misbelieved that there were alternative holdings that also invalidated the patents on other grounds, but there's no earthly reasonable way of reading that district court opinion as actually having made such alternative holdings. Wouldn't there also still, under those circumstances, just as with my first hypothetical, be a case or controversy problem with this hypothetical? I think the way the court could decide that would be the way it decided the Ngbin case, which is to say that the alternative, the supposed alternative grounds were moot, and not least because there was, quote, no reasonable concern about preclusive effect, and then once again affirm on the basis of the uncontested primary ground. I think that would be the right way to do it. But I recognize these hypotheticals quickly become very difficult, and not least because there isn't a lot of guidance out there. We couldn't find very many cases that arise in this area. This isn't a common occurrence. It only happens in cases that come out of regional circuits that follow the first restatement in cases... No, no. I understand. I understand. But just getting back to Judge Toronto's initial question of the morning, which was, what is your asserted harm here? And as I understand it, it's the possibility of issue preclusion. And I didn't hear you identify another harm. Is there one? Well, I think the harm for standing purposes, to invoke the jurisdiction of the court, is the fact that our patents have been adjudged to be invalid. And that is... And you've conceded on one ground for purposes of this appeal. Yes. That's right. And so we think the result is to affirm on that ground on the merits, which this court can do, and state that the other grounds are not being reached. It can say that they are moot, as it did in Yingbin, or it can simply say that they aren't They're not subject to issue preclusions. That gives us everything we need, and we can proceed with the follow-on case. If this continues and comes back to this court in the second case, then utility and written description could be considered on the merits, if they need to be. But we think those should remain for another day. If my colleagues have no further questions, why don't we hear from Mr. Cunning, and I'll restore your rebuttal time. Thank you, Your Honor. Good morning, Your Honors. Scott Cunning on behalf of Appellees Princeton, Sokol, and Wahai. I'd like to begin with the hypothetical that I believe Judge Chen raised, whether or not the opinion stopped on page 59, and the only issue with obviousness, and the appellant came in as here, conceding that the patent was obvious. In that scenario, there would be no jurisdiction for the court to hear the appeal. And you can imagine a similar situation, and why an appellant might try to do something like this. Because there are several issues. Can I just double-check something, and I have no idea if this matters. In the ordinary course, the notice of appeal is filed, and then some weeks or months later, the appellant says, here's our position. And so it's in the brief that the appellant in that hypothetical says, what we want is an affirmance, because we no longer contest the decision. So in that situation, the court has lost a jurisdiction that it originally had, right? By virtue of the new position of the appellant, that it's no longer disputing the judgment on appeal. Yes. If I understand the hypothetical, in this case, I think the most analogous would be when the appellant submitted its statement of issues for appeal, and there it indicated that it was seeking affirmance of the judgment. But in either scenario, at that point that they are conceding, the case becomes moot, and there is nothing for the court to decide. And as the court said in Yingbin, once the case is moot, the proper course is to dismiss the action, even if the appellant would like to have the issue decided for some future case. Okay. So now can you get to this case? Why don't the pronouncements that the district court made about 101 and 112 constitute alternative holdings? Why do they do not? Our principle position is that they do constitute alternative holdings. If I understand the question, it's the question as to whether or not they are alternative, given the way the court phrased its decision? Yes. I think there's certainly an issue about that. I did notice that last year, the Fifth Circuit, in talking about the difference between dicta and presidential alternative holdings, cited in a case called, I think, United States against treated them as alternative holdings. But in your brief, and I think you just said, you do treat them as alternative holdings. Not only do we treat them as alternative holdings, Your Honor, Sabella treats them as alternative holdings in its brief. And it's your position, is it your position that you do expect to invoke issue preclusion based on them? That's correct, Your Honor. Now, to address the question of whether or not they truly are alternative holdings or whether Sabella could argue that they're not, that's a separate issue that should be presented to the district court. The issue of whether or not they are alternative holdings and whether or not they have collateral estoppel effect is not in front of this court. Well, if there's a substantial risk of their being so treated, why doesn't that meet the pretty low threshold for Article III injury? Non-speculative. You know it's non-speculative because you just said you're going to seek it. Because any injury that flows to Sabella is a result of its own decision not to appeal the judgment. This is very similar to what the court said in the U.S. Bancorp case, it's analogous. There the party had settled and then wanted to review findings. And the court said that it's not that the judgment is unreviewable, it's unreviewable because of the party's own choice. Right, but I think I'm remembering correctly, the court did not say that there was, that that ruling was not a mootness ruling, it was that it was an equitable judgment that because the appellant had agreed to the result, it no longer had equitable standing, if you want to call it that, to seek a vacator. And it was a pure equity point. I'm sorry, I'm sorry to interrupt you. No, no, go ahead please. Correct. And what I meant, that's why I said the case is analogous. There, the equitable remedy of vacator was being considered. But the court said that the injury didn't stem from any, you know, equitable concern. The injury was a result of the party's own action. The judgment was reviewable, the party chose not to review it. And it would be no different than if the party had chosen not to appeal at all. And that is why... Can I just ask you about the quote that I read from Combustion Engineering? I take it your view is that when the issue, statement of issues was filed, any dispute about 101 and 112 became moot. In which case, why doesn't that Third Circuit statement apply? A ruling or finding on a moot issue can have no precedential or collateral estoppel effect. That's 391 F. Third 190 at 222. And I also have not read the case, Your Honor, but I agree with the premise. Once, if not that the 112 issues become moot, the entire case becomes moot. Once they concede in the judgment, and this is also in the Ying Bing case, which the parties did brief, once the case is moot, the proper action is to dismiss. The court should not make a pronouncement and nothing that the court does should upset the status quo of the district court's opinion. And if I may, this is addressed in the Gene Alexander case, which is the case in which the Third Circuit adopted their first restatement view. Sabella is urging that the first restatement view is incorrect and that many courts have criticized it. But the reality is this court has to follow the law in the Third Circuit. And the Third Circuit specifically considered the counterarguments of the second restatement view and rejected them. They did so because they favored judicial economy, that parties should have one bite at the apple, that the decisions of a first court should be afforded deference and in later actions. And all of that is perverted by this action here. Sabella does not want this court to reach the substantive merits of the district court's 112 decisions so that it can go back down and re-litigate these issues after we've had a full trial. That's entirely in contravention of the First Circuit rule and to allow a party to so easily make an end run around the decision by filing a pro forma paper that can't be challenged to strip everything from the district court's decision, you know, defeats all of the objectives that the court laid out in the Juneau-Alexander case. And so our position is if this court does find that it has jurisdiction to hear this appeal, then it should consider all of the issues and affirm on all grounds. Now... Mr. Musgrove? Mr. Musgrove? This is Judge Stoll. I'm having a hard time, particularly with respect to the written description, reading this opinion as holding that the claims are invalid for failure to comply with the written description requirement as an alternative ground or an additional ground for invalidity in addition to obviousness. It seems to me as if when I look at it at page 864, the judge says, if the patent is not invalid as obvious, the claim value of the 7.5 milligrams per day is not supported by the patent as filed. And on the next page, were the court to conclude that the patents are not... That are non-obvious, sorry, it would also conclude that the specification as filed does not reasonably convey to those skilled in the arts that they better have possession. I mean, logically, it makes sense. You know, sometimes the claim is either obvious or, you know, the claim limitations aren't adequately supported. And these things are oftentimes pled in the alternative that way, one or the other. Here, if I read this as saying that the district court judge is saying specifically that this is either obvious and only if it's not obvious would I say that it's not supported by the specification. What is your response to that specifically on written description? So, on... I assume you mean written description and credible utility or just on... I mean, it's the same response. I've hit description. I just read to you about written description. I'd like to hear your response. Okay. So, the... Whether or not these are alternative holdings or some sort of contingent finding that, you know, Sabella has treated them as alternative holdings and it's free. And if the court... Well, I'm reading it. Yeah. Go ahead. It's not helpful for you to say what Sabella says. I want to hear what your response is to the specific language that I identified. We see it as not much different than if a court had said, you know, in a... Let's say a preliminary injunction proceeding like that, I find for against the preliminary injunction because the party has not shown a likelihood of success. And even if I didn't find that, I still would find against them because... But it's not written that way. It's not written that way. And honestly, you know, having looked at a fair number of opinions, this is really unique. I haven't seen anything written this way. Usually, you know, I find the claims invalid for obviousness. And in addition, I find the claims invalid in the written description and utility or, you know, it's much more... This seems to be a contingent ruling. I understand that, Your Honor. But that's a question that the district court should consider in the first instance. And by dismissing the appeal, you don't remove that argument from Sabella. Sabella is... What should I rely on? Let me ask you this because you've already discussed that point with Judge Toronto. So, what I want to know is, do you have any additional thoughts for me as I think about, and I'm thinking about our jurisdiction, about whether this opinion is actually presenting an alternative holding or whether it's a contingent holding on written description and utility? If the court has jurisdiction to hear the appeal, we can defend the judgment on any of the grounds that would support the judgment. And I don't... Like I said, I don't think that whether or not it's a contingent ground has... Implicates the court's jurisdiction. Because if it's not... If it's a contingent rather than an alternative holding, and the court dismisses, well, then there is no preclusive effect. If it is truly an alternative holding, there's preclusive effect. But the court can hear alternative basis even if it were not... Mr. Musgrove, if the grounds... I'm sorry? If the grounds are saying is that there's preclusive effect, then I have to see whether there's preclusive effect, right? I mean, one way for me to rule on it would be to say there is no preclusive effect because this is an alternative or this is a contingent ruling. And so, therefore, I don't have jurisdiction. So that's why I'm asking you these questions. And again, my question is pretty simple. Do you have anything else that you would want to point me to to help me understand why this is not a contingent ruling? Well, other than the court's footnote and its opinion, I mean, where the court said it did not accept the premise that this was a situation where the patents were either invalid as obvious or invalid under the 112 grounds. For utility on page 60. Okay. Thank you. For utility. But if the court has jurisdiction, regardless of whether or not these grounds are alternative holdings, the court can consider them. Even if they weren't in the opinion, if this had just been litigated but didn't factor in the opinion, the court is still allowed to consider any ground in the record that could support the judgment. And here, where the parties have conducted a costly trial and a complex litigation, fully considering these issues, the purposes stated by the Gene Alexander Court would support considering these other grounds and affirming on each basis. We acknowledge that there are cases that say that a party, I mean, the court wants it has one ground that's sufficient to decide the judgment. It does not have to reach other grounds. But there's nothing that says that the court is precluded from doing so. And in this scenario, like the interest of the first statement rule as laid down by the Third Circuit are better served by the court considering this and affirming on the written description and credible utility grounds as well, if the court is going to exercise jurisdiction. Mr. Cunning? Yes. This is Judge Chen. What if hypothetically, Sabella's blue brief had appealed the invalidity judgment below, but its blue brief was only attacking the written description and utility analysis and didn't say anything about the 103 analysis? Would you say after those circumstances, this court should have, would under those circumstances just summarily affirm because the appellant had failed to actually make an express challenge in that circumstance as to one of the alternative grounds? I don't think that the court is required to elevate form over substance. If the court looks at the briefing and can tell that the party has not challenged the judgment because they've remained silent on a ground supporting the judgment, the court could still decide that there was no jurisdiction to hear the appeal and dismiss. And in the San Francisco Patrol Special Officers case and the Popo cases that Sabella cited in its reply briefing, while the court did in those cases summarily affirm, it talks about how in this kind of situation where a party just fails to appeal on all grounds, that the party has abandoned its appeal. That's also in the McKay decision cited by San Francisco where they conclude that a party that fails to raise the, you know, all of the grounds that would support challenging the judgment has done insufficient action to preserve the appealability of the claim. So I don't think the court has to reach that question because of the fact that Sabella expressly is asking this court to affirm the judgment. But in that scenario, the court is not required to elevate form over substance. And the consequence of the first restatement rule is that the party is required to appeal the judgment. And that is what the court said in Gene Alexander. They specifically considered the situation, you know, the counterargument that this would require parties to raise appeals where they might lose on an alternative basis. And they rejected that consideration in favor of the overall judicial economy of affording collateral estoppel effect to all of the grounds that support the judgment in the district court's opinion. So if I'm not sure where I am on time... Yeah, no, I think take another two minutes just so that it roughly evens out with Mr. Fleming and his rebuttal. Okay, just briefly, if this court does exercise jurisdiction just briefly on the credible utility and written description grounds, Sabella has not shown that the court committed clear error. These are factual determinations. The district court relied on the testimony of Sabella's own experts testifying that a person of ordinary skill in the art would not believe that the claim dimension would have worked for the stated purpose. That decision is entitled to great deference. And nowhere has Sabella shown that this was in error. They've reinvented the testimony on their reply brief as being about FDA approval. But the testimony of the witnesses clearly demonstrates that that is not what they were talking about. Dr. Simon acknowledges at appendix 1904 and lines 98 to 7, sorry, page 98, line 7 to 8, that he's being asked a hypothetical question that goes to obviousness and utility. The questioning at 1905 to 1906 has nothing to do with FDA approval. He's being asked whether a person of skill in the art would have an expectation one way or other, whether the claim dose would be effective to treat hot flashes. And again, at appendix 1877 to 78, on pages 71, line 15, over to page 72, line 18, in his response, he indicates that he is responding in terms of credible utility. I was looking at the claimed invention in the patent. So there's no support for the idea that the experts were testifying about the requirements for FDA approval as opposed to what the patents required to meet the credible utility standard. I think that's probably where we should stop, Mr. Cunningham. Thank you. Thank you. And Mr. Fleming, you have your rebuttal time left. Was that three minutes? I don't quite remember. Yes, three minutes should be plenty, Your Honor. I only have three points I'd like to address. The first is Mr. Cunningham's accusation that we're trying to avoid this court's review of the utility and written description arguments. Nothing could be further from the truth. We would be happy to have the court review those legal errors and do so now. But we're being candid with the court that we think they should wait another day. But we certainly have the right to appellate review of those issues at some point, which is why we brought this appeal and why we briefed them in order to make clear that we do not want to give that up. And we believe we needed to do this in order to preserve our right to do so, so that we wouldn't be accused of being collaterally stopped in the second case. The second point is Mr. Cunningham argues that in order for us to be able to preserve our opportunity to appeal utility and written description, we also needed to brief obviousness as well. He cites no authority for that proposition, that in a first restatement jurisdiction, a party has to load up its appeal brief with extraneous grounds just to preserve the opportunity to avoid preclusion by alternative grounds that it does care about. It's already wasteful enough that we have to bring this appeal at all. In many regional circuits, it wouldn't have been needed. But we were not required to burden the court with 30 added pages of arguments regarding obviousness as to which we've made the determination that we don't need this court's attention. We take to heart the court's repeated admonitions to be judicious in choosing our appellate issues. We disagree with the obviousness ruling, but because it will have no preclusive effect in the 237 patent proceeding, because it has narrower claims, there was no need to present it to this court. And if this had just been an obviousness decision, which we asked the district court to clarify was the case, we wouldn't have needed the appeal. But because the other two issues were addressed and were addressed in an erroneous way, a legally erroneous way, we needed to and we have the right to seek appellate review. That cannot mean that we were required to appeal and brief the obviousness decision as well. And the final point is the suggestion that we're taking issue with the Third Circuit's adoption of the first restatement rule. No, we don't. We take that as a given. That is the animating reason why we've had to bring this appeal. This appeal is the consequence of the fact that the Third Circuit has followed the first restatement. It has every authority to do it. It has done it. We take that as presented. Gene Alexander just says that if we want to avoid issue preclusive effects, we need to take an appeal. We have. And so we think the right answer here is to recognize that we have an appeal from a judgment. It is properly within this court's jurisdiction. And the right answer is to affirm on the basis of the uncontested finding of obviousness, state that the other two grounds are not being reached and are not preclusive, and that should be the end of the matter. Unless the court has further questions, I thank the court for its attention this morning. Thank you, Mr. Fleming. Mr. Cummings, the case is submitted.